**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MATTHEW THOMPSON,**

***Plaintiff,***

**v.** **Case No. SA-25-CV-00461-JKP**

**SEA WORLD OF TEXAS, LLC,**

***Defendant.***

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sea World of Texas's (SeaWorld) Motion for Summary Judgment on Matthew Thompson's cause of action asserted on behalf of minor Plaintiff M.T. (M.T.). *ECF Nos. 22,25*. Thompson responded. *ECF No. 24*. Upon consideration, the Motion for Summary Judgment is **GRANTED**.

## Undisputed Factual Background

Plaintiff Matthew Thompson ("Thompson") and non-party Theresa Walker ("Walker") are the parents of M.T. They took M.T. to SeaWorld intentionally to attend Halloween-related festivities with a group of other family members. *ECF No. 1-3 at pg. 3, ¶ 11*. After spending several hours at the park, Thompson left the SeaWorld property to visit a nearby relative while Walker remained with M.T. *ECF No. 23, exh. 2, Thompson's Rog. Responses at pg. 4, 6*; *exh. 1, Thompson Depo., pg. 31, lns. 1 – 15, pg. 67, lns. 2 - 4*. After Thompson left and after the sun set, Walker and M.T. observed and encountered scare actors (individuals dressed in Halloween-themed costumes who interact with and scare guests). M.T. and the other members of her group ran from one of these scare actors. M.T. then fell and hit the back of her head which required that

she be treated in the medical tent on the SeaWorld property and then be transported to a local hospital for observation and treatment. Walker called Thompson when she and M.T. were in the SeaWorld medical tent. Thompson returned to the property and engaged with M.T. before she was placed in an ambulance and transported to a hospital. *ECF No. 23, exh. 1, Thompson Depo., pg. 32, lns. 21 – 25; pg. 34, lns. 1 – 16; pg. 37, lns. 13 – 20; pg. 38, lns. 5 – 9; pg. 44, lns. 2 – 6; pg. 48, lns. 10 – 15, pg. 49, lns. 12 – 17.*

Thompson filed suit as next friend of M.T., in which he asserts a cause of action entitled a "Claim of Negligence." *ECF No. 1-2, p. 3*. SeaWorld now moves for summary judgment on this cause of action.

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a

genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

A court may not grant summary judgment by default should the nonmovant fail to respond. *Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). Should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music, Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D.

Tex. Feb. 28, 2017). Consequently, if the movant satisfied its summary judgment burden, and the opposing party filed no response, summary judgment in favor of the movant is appropriate. *Austin*, 864 F.3d at 335; *Broadcast Music*, *Inc.*, 2017 WL 782932, at *2.

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Discussion**

In this Motion for Summary Judgment, SeaWorld argues M.T.'s cause of action for "negligence" is based on an alleged dangerous condition of the premises that purportedly caused M.T.'s fall, and therefore, the cause is one of premises liability, not negligence. *ECF No. 23*. SeaWorld argues that M.T. expressly alleges she was an invitee and the pathways were not maintained in a reasonably safe condition, and the condition of the premises posed an unreasonable risk of harm because. For this reason, SeaWorld alleges M.T. pleads "a premises liability claim and cannot avoid the governing premises liability framework by recharacterizing the same allegations under alternative theories of recovery." *Id*. Based upon the principle that M.T.'s one cause of action should be analyzed as a premises liability cause of action, SeaWorld contends it is entitled to summary judgment because M.T. cannot show there was a dangerous condition on the property as a matter of law.

M.T. does not respond to or contest this characterization of her cause of action as premises liability, not negligence. For this reason, the premise can be accepted as true;however, the Court will analyze the allegations to make the distinction.

**1. Distinction Between a Cause of Action of Negligence and Premises Liability**

Texas recognizes two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect. *Garcia v. Ross Stores, Inc.*, 896 F.Supp.2d 575, 579 (S.D. Tex. 2012). Negligent activity and premises liability causes of action are separate and distinct theories of recovery, and a litigant may plead and pursue both arising from a single incident; however, recovery on each theory requires proof of different, though similar, elements.[1] *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017); *Reyes v. Dollar Tree Stores, Inc.*, 221 F.Supp.3d 817, 824 (W.D. Tex. 2016). "'[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe.'" *Mangham v. YMCA of Austin, Texas–Hays Cmtys.*, 408 S.W.3d 923, 929 (Tex. App. 2013) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)); *Garcia*, 896 F.Supp.2d at 579.

"To prevail on a common law negligence claim, a plaintiff must be able to prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach." *Gann v. Anheuser–Busch, Inc.*, 394 S.W.3d 83, 88 (Tex. App. 2012); *Villarreal v. Family Dollar Stores of Tex., LLC.*, No. CV B:16-232, 2018 WL

[1] Although every "artificial condition upon which a premises liability claim is based may be created by an activity," a court must maintain the distinction between premises conditions and negligent activities. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 388 (Tex. 2016); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Therefore, an ordinary negligence case—that is, one arising from negligent activity—is not turned into a premises liability case simply because it occurs on the defendant's premises. *Sibai v. Wal–Mart Stores, Inc.*, 986 S.W.2d 702, 706 (Tex. App. 1999).

735707, at *4 (S.D. Tex. Jan. 8, 2018), report and recommendation adopted, 2018 WL 722637 (Feb. 5, 2018). "Recovery on a negligent activity theory requires that the plaintiff be injured by or as a contemporaneous result of the activity itself." *Arsement v. Spinnaker Expl. Co.*, 400 F.3d 238, 251 (5th Cir. 2005); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Mangham*, 408 S.W.3d at 929; *Garcia*, 896 F.Supp.2d at 579. In a negligent-activity case, a property owner must do what a person of ordinary prudence in the same or similar circumstances would have done. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998).

When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Reyes*, 221 F.Supp.3d at 824 (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). The elements of a premises liability cause of action are: (1) the defendant had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm to the plaintiff; (3) the defendant did not exercise reasonable care to reduce or to eliminate the risk; and (4) the defendant's failure to use reasonable care proximately caused the plaintiff's injury. *Id.*; *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). In a premises liability action, a property owner must "use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about." *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998)).

Because M.T. alleges one cause of action, the Court must determine whether the cause of action is one of negligent activity or premises liability. Because the allegations are vague and ambiguous as to the specific theory of liability, the distinction between a premises liability and a negligence cause of action necessarily depends upon the source of the alleged injury: a

contemporaneous activity (negligence) or a condition of the property (premises liability). *See Sampson*, 500 S.W.3d at 388; *Keetch*, 845 S.W.2d at 264)).

**2. The Source of M.T.'s Injury**

In the Original Petition, M.T. asserts one cause of action titled "Negligence." M.T. alleges SeaWorld "had a duty to exercise the degree of care a reasonably careful person would use to avoid harm to others;" M.T.'s "injuries were proximately caused by SeaWorld's negligent, careless, and reckless disregard of said duty;" SeaWorld's "negligent, careless, and reckless disregard of duty" consisted of the acts and omissions of: "[SeaWorld] had actual or constructive knowledge of some condition on the premises which posed an unreasonable risk of harm;" SeaWorld "did not exercise reasonable care to eliminate or reduce the risk that proximately caused [M.T.'s] injuries;" SeaWorld "failed to maintain the pathways of the park in a reasonably safe manner;" SeaWorld "failed to warn [M.T.] of the dangerous condition;" SeaWorld "failed to properly train, supervise, manage, and control its employees or agents responsible for the safety of park guests;" and SeaWorld "failed to properly supervise its employees." *ECF No. 1-2, pp. 3-4*.

The terms used by M.T. in describing the basis of this cause of action include "knowledge of some condition on the premises," "failed to maintain the pathways of the park in a reasonably safe manner," "did not exercise reasonable care to eliminate or reduce the risk," and "failed to warn." These terms are indicative of a premises liability cause of action and allege a condition of the property caused M.T. to "slip and fall," and a "condition of the property" as the source of M.T.'s injury.

Typically, a "slip/trip-and-fall" case is treated as premises-liability cause of action when the plaintiff alleges injury as a result of a physical condition or defect on the premises, not as a

contemporaneous result of someone's negligent activity. *Sampson*, 500 S.W.3d at 390-91. *Keetch*, 845 S.W.2d at 264; *Warner*, 845 S.W.2d at 259. A fair reading of M.T.'s allegations is that her injury resulted from a "physical condition on the property." Although M.T. does not state what the condition was specifically, she does allege SeaWorld "failed to maintain the pathways of the park in a reasonably safe manner." Therefore, based upon the scarce allegations presented, the Court concludes M.T.'s cause of action arises from an alleged dangerous condition on the property, and therefore, her injury arose from an alleged premises defect.

Consequently, M.T. asserts a cause of action based in premises liability, not negligence.

**3. Summary Judgment on Premises Liability Cause of Action**

"A condition poses an unreasonable risk of harm for premises-defect purposes when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (quoting *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)).

To support its Motion for Summary Judgment, SeaWorld presents evidence consisting of Walker's and M.T.'s depositions. In Walker's deposition, she confirms the incident occurred on a walkway. *ECF No. 22, exh. 3, Depo. of Walker at pg. at pg. 49, ln. 13 – pg. 50, ln. 16; pg. 54, ln. 5 – pg. 55, ln. 12; pg. 56, lns. 19 – 23; pg. 69, ln. 22 – pg. 70, ln. 189; pg. 75, lns. 1 - 6*. Walker did not observe any defect, obstruction, or other dangerous condition on the walkway. *Id. at pg. 55, lns. 13 – 16; pg. 67, lns. 15 – 20; pg. 68, lns. 6 – 10; pg. 79, lns. 3 – pg. 80, ln. 24; pg. 86, lns. 7 – 16*. Likewise, M.T. testified she does not know why she fell, did not feel her feet catch on anything, and cannot identify any condition that caused her to fall. *ECF No. 22, exh. 3, Depo. of M.T., pg. 12, ln. 5 – 23*. M.T. also confirmed being on a sidewalk when she fell. *Id. at*

*pg. 13, lns. 17 – 21*. However, M.T. did not remember if her feet got caught on something or what caused her to fall. *Id. at pg. 13, ln. 22 – pg. 14, ln. 3*.

Based upon these admissions, the evidence establishes M.T. fell while on a walkway; however, M.T. cannot prove a defect in the sidewalk or a defect in a condition of the property caused her fall. The mere occurrence of a fall does not establish the existence of an unreasonably dangerous condition to support a premises liability cause of action. *See United Scaffolding*, 537 S.W.3d at 471; *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 198 (Tex. 2015); *Del Lago Partners*, 307 S.W.3d at 769. Consequently, SeaWorld satisfies its summary judgment burden to show the undisputed evidence establishes the absence of an unreasonably dangerous condition, or alternatively, there is no evidence that any unreasonably dangerous condition existed or caused M.T.'s fall. *See Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002).

The burden shifts to M.T. to raise a genuine dispute of material fact on the element whether an unreasonably dangerous condition existed or caused her fall. *See Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). In her Response, M.T. argues in a conclusory fashion that a "dangerous condition" existed, yet she does not state the nature of the condition in her Petition or in the Response, does not provide evidence of the nature of the specific condition she alleges caused her fall, or evidence that SeaWorld had actual or constructive knowledge of any specific dangerous condition of the property. In support of her Response, M.T. does provide SeaWorld's response to interrogatories, the incident report, and the medical report of the emergency room physician. *ECF No. 24, exhs. A-D*. However, none of these raise a genuine dispute of material fact, but instead, support SeaWorld's argument that M.T. cannot establish the element that a dangerous condition on the property caused her to fall.

In Interrogatory 13, SeaWorld was asked to "state in detail all actions you took or attempted to take to avoid the incident complained of in the Plaintiffs' Petition." SeaWorld responded, it could not respond because the Petition "contains only the vaguest of descriptions of the incident without specifically identifying any alleged premises defect or dangerous condition," and alternatively, "signage at the beginning of the pathway alerted [Plaintiffs] that they were entering a scare zone, and Defendant's website and marketing of Howl-O-Scream disclose that the event contains intense adult content not recommended for children under the age of 13." *ECF No. 24, exh. A*. M.T. presents the incident report signed by Walker which states only "she was running away from one of the staff members here who was running around scaring people here. She fell and hit her back/head." *Id. at exh. C*. The emergency room report similarly states, M.T. "reports to ED with her mother after experiencing a fall earlier today. Mother reports pt was at SeaWorld Fright Fest when pt was running away and fell, landing on her back and hitting her back and right side of her head." *Id. at exh. D*.

None of these evidentiary submissions by M.T. raise a genuine dispute of material fact to preclude summary judgment. Instead, M.T.'s evidence supports SeaWorld's basis for summary judgment on the premises liability cause of action. The response to interrogatories, incident report, and ED report all indicate the absence of a dangerous or unreasonable condition of SeaWorld's property and instead indicate M.T. fell while running. This accident, in itself, cannot serve as basis for a premises liability cause of action as a matter of law.

For this reason, SeaWorld's Motion for Summary Judgment on M.T.'s premises liability cause of action will be granted.

**4. Negligence Cause of Action Also Fails**

Although not plead in the Petition, in her Response to the Motion for Summary Judgment, M.T. appears to assert in the Response that the alleged dangerous condition on the property were the scare actors. This allegation could be broadly construed to sound in negligent activity. Because this theory is not plead, but is presented as argument, only, in the Response to the Motion for Summary Judgment, it cannot serve as basis for a negligence cause of action. For this reason, alone, the Court may grant summary judgment on any liberally construed negligence cause of action. However, in the interest of judicial economy, the Court will broadly construe the Original Petition to imply a negligence cause of action based upon SeaWorld's scare-actor employee's failure to exercise reasonable care. The Court concludes summary judgment on this liberally construed cause of action is also proper.

SeaWorld presents summary judgment evidence comprised of Thompson's, Walker's, and M.T.'s depositions which they all admit they entered SeaWorld's property with a group of family members with intent to participate in Halloween activities and with knowledge of the presence of scare actors. *ECF No. 24, exh. 2, Depo. of Thompson at pg. 22, lns. 6 – 18*; *pg. 29, lns. 9 - 16, pg. 31, lns. 13 – 22, pg. 32, lns. 4 – 18*; *exh. 3, Depo. of Walker at pg.* 35, *ln. 14; pg. 36, ln. 2 – 6; pg. 38, lns. 2 – 18; pg. 39, ln. 4; pg. 40, ln. 16; pg. 41, ln. 3, ln. 18 – 22; pg. 43, lns. 18 – 23; pg. 49, ln. 13; pg. 50, ln. 16; pg. 69, ln. 22; pg. 70, ln. 18*; *exh. 4, Depo. of M.T. at pg. 4, ln. 1; pg. 6, ln. 11 – 12; pg. 7, ln. 9; pg. 10, ln. 14; pg. 11, ln. 7*. Walker and M.T. admit they were aware of the presence of scare actors and did not observe any malfeasance by the scare actor involved in the incident in which M.T. fell while running away. *Id.* Based upon these admissions, SeaWorld presents sufficient summary judgment evidence to satisfy its burden to show it is entitled to summary judgment as a matter of law on any construed negligence cause of action based upon any action by a scare actor employed by SeaWorld.

The summary judgment burden shifts to M.T. to raise a genuine dispute of material fact whether the scare actor involved in the incident breached a duty of care or otherwise acted in a negligent manner. To support her argument, M.T. presents the same summary judgment evidence discussed previously, as well as an excerpt of SeaWorld's safety guidelines for its scare actors' activities. *ECF No. 24, exhs. A-D*. However, none of these reports or evidence presented raise a genuine dispute whether the SeaWorld scare actor acted in a negligent manner, nor do the reports of the incident indicate any malfeasance of the scare actor. M.T. presents no evidence to support any possible theory that the scare actor acted outside of SeaWorld's guidelines. Instead, M.T. argues that because she fell and was injured, the Court must presume a genuine dispute whether the scare actor engaged in negligent activity. The Court cannot make this presumption. The undisputed evidence simply supports the undisputed fact that M.T. fell while running from a scare actor. The incident, alone, is not sufficient to support a cause of action for negligence.

For this reason, SeaWorld's Motion for Summary Judgment on any liberally construed cause of action for negligence will be granted.

**Conclusion**

For the reasons given, SeaWorld's Motion for Summary Judgment on any cause of action alleged or broadly construed is **GRANTED**. *See ECF No. 22*.

It is so ORDERED.
SIGNED this 28th day of October, 2026.

Jason Pulliam

JASON PULLIAM
UNITED STATES DISTRICT JUDGE