**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MATTHEW THOMPSON,**

***Plaintiff*,**

**v.** **Case No. SA-25-CV-00461-JKP**

**SEA WORLD OF TEXAS, LLC,**

***Defendant*.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Sea World of Texas's (SeaWorld) Motion for Summary Judgment on Matthew Thompson's bystander cause of action. *ECF Nos. 23,26*. Thompson responded. *ECF No. 25*. Upon consideration, the Motion for Summary Judgment is **GRANTED**.

**Undisputed Factual Background**

Matthew Thompson ("Thompson") and non-party Theresa Walker ("Walker") are the parents of M.T. They took M.T. to SeaWorld intentionally to attend Halloween-related festivities. *ECF No. 1-3 at pg. 3, ¶ 11*. After spending several hours at the park, Thompson left the SeaWorld property to visit a nearby relative while Walker remained with M.T. *ECF No. 23, exh. 2, Thompson's Rog. Responses at pg. 4, 6*; *exh. 1, Thompson Depo., pg. 31, lns. 1 – 15, pg. 67, lns. 2 - 4*. After Thompson left and after the sun set, Walker and M.T. observed and encountered scare actors (individuals dressed in Halloween-themed costumes who interact with and scare guests). M.T. and the other members of her group ran from one of these scare actors. M.T. then fell and hit the back of her head which required that she be treated in the medical tent on the SeaWorld property and then be transported to a local hospital for observation and treatment.

Walker called Thompson when she and M.T. were in the SeaWorld medical tent. Thompson returned to the property and engaged with M.T. before she was placed in the ambulance and transported to the hospital. *ECF No. 23, exh. 1, Thompson Depo., pg. 32, lns. 21 – 25; pg. 34, lns. 1 – 16; pg. 37, lns. 13 – 20; pg. 38, lns. 5 – 9; pg. 44, lns. 2 – 6; pg. 48, lns. 10 – 15, pg. 49, lns. 12 – 17.*

Thompson initiated suit as next friend of M.T. Individually, Thompson asserts entitlement to recovery of mental anguish damages based upon the bystander theory ("bystander claim"). SeaWorld now moves for summary judgment on Thompson's bystander claim.

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex*

*Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

A court may not grant summary judgment by default should the nonmovant fail to respond. *Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). Should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music, Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017). Consequently, if the movant satisfied its summary judgment burden, and the opposing party filed no

response, summary judgment in favor of the movant is appropriate. *Austin*, 864 F.3d at 335; *Broadcast Music*, *Inc.*, 2017 WL 782932, at *2.

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Discussion**

SeaWorld moves for summary judgment on Thompson's bystander claim. SeaWorld argues Texas law precludes Thompson's recovery under a bystander claim because he did not witness the incident in which M.T. fell and was not on the property at the time of the accident, but returned to the property upon notice of the incident and engaged with M.T. in the medical tent. SeaWorld presents summary judgment evidence supporting this argument. *ECF No. 23, exh. 1, Thompson Depo., pg. 31, lns. 1 – 15; pg. 32, lns. 21 – 25; pg. 34, lns. 1 – 16; pg. 37, lns. 13 – 20; pg. 38, lns. 5 – 9; pg. 44, lns. 2 – 6; pg. 48, lns. 10 – 15, pg. 49, lns. 12 – 17; pg. 67, lns. 2 - 4*. SeaWorld contends these undisputed facts preclude Thompson's recovery on a bystander claim as a matter of law. Thompson responds to the Motion for Summary Judgment with argument in the form of a brief but does not present evidence in support of these arguments. *ECF No. 25*.

Therefore, the Court must review the summary judgment motion to determine whether SeaWorld satisfied its summary judgment burden. *See Austin*, 864 F.3d at 335. Should it do so,

the Court may consider the facts presented and supported by SeaWorld's evidence as undisputed, and such undisputed facts may form the basis for a summary judgment. *See Matsushita*, 475 U.S. at 586-87; *Broadcast Music*, *Inc.*, 2017 WL 782932, at *2; *see also* Fed. R. Civ. P. 56(c).

To recover as a bystander, a plaintiff must establish:

> (1) The plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it; (2) The plaintiff suffered shock as a result of a direct emotional impact upon the plaintiff from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) The plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*United Services Auto. Ass'n (USAA) v. Keith*, 970 S.W.2d 540, 541–42 (Tex. 1998); *Freeman,* 744 S.W.2d at 923–24. Thus, a bystander claim depends upon whether the plaintiff can prove "contemporaneous perception of the accident." *USAA*, 970 S.W.2d at 541–42. Because a bystander claim is dependent upon specific facts, the elements are flexible and should be applied on a case-by-case basis. *Id.*; *Freeman,* 744 S.W.2d at 924. However, when the material facts are undisputed, as they are here, whether the plaintiff is entitled to recover as a bystander is a question of law. *Freeman,* 744 S.W.2d at 923.

SeaWorld presents evidence comprised of Thompson's deposition showing Thompson was not on the SeaWorld property at the time of the incident. Thompson left the property and was at his cousin's house when Walker called Thompson to notify him of the subject incident. This showing satisfies SeaWorld's burden to demonstrate the absence of a triable dispute of material fact. *See Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. Thereby, the burden shifts to Thompson to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *See Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

Thompson responds with brief and argument, only, and does not present any controverting evidence to raise a genuine dispute of material fact. Thus, this Court must accept as true the fact that Thompson left the property and was at his cousin's house when Walker called Thompson to notify him of the subject incident

As in *Freeman* and *USAA*, the undisputed evidence and Thompson's admission demonstrate he was not at the scene when the incident occurred. Thompson did not see or hear the incident in which M.T. fell. Thus, any emotional impact Thompson alleges he suffered, under Texas law, did not result from "a sensory and contemporaneous observance of the accident." *See USAA*, 970 S.W.2d at 541–42; *Freeman,* 744 S.W.2d at 923–24. Texas law does not recognize bystander recovery when a family member arrives on the scene in time to see an injured loved one placed in an ambulance. *See Freeman,* 744 S.W.2d at 923; *see also Gen. Motors Corp. v. Grizzle*, 642 S.W.2d 837, 844 (Tex.App.—Waco 1982, writ dism'd w.o.j.); *Andrade v. Chojnacki*, 65 F.Supp.2d 431, 465 (W.D. Tex. 1999). The fact that Thompson witnessed his daughter's pain and suffering at the site of the accident does not affect the analysis because Texas law requires the bystander's presence when the injury occurred and the contemporaneous perception of the accident. *See Freeman,* 744 S.W.2d at 923; *see also Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 578 (5th Cir. 2001); *White v. United States*, 471 F. Supp. 3d 780, 788–89 (W.D. Tex. 2020)

Consequently, based upon these undisputed facts, Thompson cannot assert a bystander claim as a matter of law, and for this reason, SeaWorld's Motion for Summary Judgment will be granted.

**Conclusion**

For the reasons stated, SeaWorld's Motion for Summary Judgment on Thompson's bystander claim is **GRANTED**. *See ECF No. 23*.

It is so ORDERED.
SIGNED this 28th day of October, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE